**Darrell Ray TUCKER, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–15379.**

Court of Criminal Appeals of Oklahoma.

June 25, 1969.

Darrell Ray Tucker, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION

### MAJORITY OPINION:

This is an original proceeding in which Darrell Ray Tucker has petitioned this Court for a writ of habeas corpus for a reduction of his appeal bond set in the sum of sixty thousand dollars ($60,000.00) by the District Court of Tulsa County, Oklahoma, in Case No. 23283 in which he was sentenced to a term of imprisonment from twenty to sixty years. In support of his petition, petitioner makes the bare allegation that this amount is excessive and argues that the rate of one thousand dollars ($1,-000.00) per year of sentence is not necessarily a proper and reasonable amount in setting the appeal bond.

We have reviewed the petition and find it to be without merit. Petitioner alleges that he is presently confined in the penitentiary, serving a term of ten to thirty years, by authority of judgment and sentence from the District Court of Tulsa County in Case No. 23282 which is on appeal with appeal bond set in the sum of ten thousand dollars ($10,000.00). It further appears that the petitioner is an indigent, unable to afford counsel and was appointed counsel by the District Court. Thus, even if the sixty thousand dollar ($60,000.00) appeal bond in Case No. 23283 were excessive, as a practical matter it appears that the petitioner would be unable to post bond in any amount. Having carefully considered the petition and the circumstances herein, we conclude that this matter should be dismissed forthwith.

This application was referred to the Court Referee, Mr. Penn Lerblance, and his findings and conclusions of law set forth herein, after careful consideration, have been adopted by the Court.

NIX, Judge (dissenting).

I cannot concur in said opinion because I am of the opinion that $60,000.00 is an unreasonable and a ridiculous appeal bond.

The defendant is apparently an indigent and has no possible way of making a $60,-000.00 appeal bond or even a much less amount. This is no different than outright denial of bail. Even if defendant could make a $60,000.00 bond, it would be necessary to schedule $120,000.00 property or pay a professional Bondsman $6,000.00 to make said Bond. After all, the bond is for the purpose of guaranteeing his appearance to answer any order of this Court and not to punish the defendant. If it were for the punishment of the defendant it would be class distinction permitting the rich to make bond and escape the punishment, while the poor and the indigent suffer the consequence.

I doubt if the defendant could make bond even though it was reduced, but I am reluctant to see this Court go on record approving such a bond.